IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KARLA CAVAZOS, Individually and as Personal Representative of the Estate of ARTURO AMERICO CAVAZOS and as Next Friend of M.C., Minor; ARTURO CAVAZOS, Individually and as Heir of the Estate of ARTURO CAVAZOS; BERTHA CAVAZOS, Individually and as Heir of the Estate of ARTURO CAVAZOS, <br><br>    Plaintiffs, <br> v. <br><br> ORION MARINE GROUP, LLC; ORION MARINE CONSTRUCTION, INC.; ORION CONSTRUCTION, L.P.; EPIC MIDSTREAM HOLDINGS, LP; EPIC MIDSTREAM HOLDINGS GP, LLC; EPIC CRUDE HOLDINGS, LP; EPIC CRUDE TERMINAL COMPANY, LP; ENTERPRISE PRODUCTS OPERATING LLC; and ENTERPRISE PRODUCTS PARTNERS L.P., <br><br>    Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. _____ |

**DEFENDANTS ENTERPRISE PRODUCTS OPERATING LLC AND ENTERPRISE PRODUCTS PARTNERS L.P.'S NOTICE OF REMOVAL**

Defendants Enterprise Products Operating LLC and Enterprise Products Partners L.P. (collectively, "Enterprise") hereby remove this action from the County Court at Law No. 3 of Nueces County, Texas, to the United States District Court for the Southern District of Texas, Corpus Christi Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446. As grounds for removal, Enterprise respectfully shows the Court the following:

**I.      PROCEDURAL HISTORY AND INTRODUCTION**

1.      On August 24, 2020, Plaintiffs commenced this civil action against the Defendants in the County Court at Law No. 3 of Nueces County, Texas, Cause No. 2020CCV-61221-3, styled

*Karla Cavazos et al v. Orion Marine Group, LLC et al*.[1]  Enterprise was served with the Petition on September 17, 2020.

2.  On October 2, 2020, Enterprise filed an answer.  Shortly thereafter, Plaintiffs nonsuited EPIC Midstream Holdings, LP, EPIC Midstream Holdings GP, LLC, EPIC Crude Holdings, LP and EPIC Crude Terminal Company, LP under Texas Rule of Civil Procedure 162.[2]  The defendants in this action are now: Orion Marine Group, LLC, Orion Marine Construction, Inc., Orion Construction, L.P., Enterprise Products Operating, LLC, and Enterprise Products Partners, L.P.

3.  Plaintiffs assert negligence claims against Enterprise based on Enterprise's alleged failure to follow federal pipeline regulations.[3]  This Court, therefore, has original jurisdiction over this action because Plaintiffs' claims arise under the laws of the United States.  28 U.S.C. §§ 1331; *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

## II.  GROUNDS FOR REMOVAL

4.  Plaintiff's claims are removable under federal arising under jurisdiction.

5.  Plaintiffs allege that decedent Arturo Americo Cavazos was killed on August 21, 2020, in a fire on the dredging vessel that he was working on, the *Waymon L. Boyd*.[4]  Plaintiffs further allege that the fire occurred when a pipeline operated by Enterprise was struck.[5]  As pleaded, Plaintiffs' negligence claims against Enterprise are premised on Enterprise's alleged failure to adhere to "non-delegable" duties established by federal pipeline regulations.[6]

---

[1] Plaintiffs' Petition is attached hereto as Exhibit A-1 [hereinafter Plaintiffs' Petition].
[2] Plaintiffs' Notice of Non-Suit Without Prejudice As To EPIC Midstream Holdings, LP; EPIC Midstream Holdings GP, LLC; EPIC Crude Terminal Company, LP Only is attached hereto as Exhibit D [hereinafter Plaintiffs' Nonsuit].
[3] Plaintiffs' Petition ¶ 7.2.
[4] *Id.* ¶ 4.1.
[5] *Id.* ¶ 4.3.
[6] *Id.* ¶ 7.2 ("As a pipeline operator, Enterprise was obligated to follow federal regulations.  The duty to follow these regulations is a non-delegable duty.  As such, Enterprise is strictly liable for the death of Arturo A. Cavazos and the damages suffered by Plaintiffs.").

6. This Court has federal question jurisdiction over Plaintiffs' claims against Enterprise because those claims arise under federal pipeline regulations. The United States Supreme Court has long recognized that in "certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable*, 545 U.S. at 312. Arising under jurisdiction is based on "the common sense notion that that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id.* at 313.

7. Here, arising under jurisdiction is proper because Plaintiffs explicitly plead that Enterprise's non-delegable duty to follow federal pipeline regulations gives rise to their claims.[7] Whether Enterprise breached its duty to follow federal pipeline regulations is a question that becomes relevant only as a result of the existence of the federal pipeline safety regulations codified at 49 C.F.R. §§ 190–199.

8. If Enterprise did not violate the federal pipeline regulations, then Plaintiffs' personal injury and wrongful death claims against Enterprise fail. Thus, "Plaintiffs' state law negligence claims necessarily turn upon the fact finder's interpretation of federal law." *Cryer v. Atmos Energy Corp.*, 3:07-CV-1675-P, 2007 WL 9717689, at *1 n.1 (N.D. Tex. Nov. 30, 2007) (opining, in dicta, that a negligence per se claim based on violation of federal pipeline regulations is removable under *Grable*); *see also Elliot v. City of Holly Springs*, Civ. A. 3:10-CV-01GHDJAD, 2010 WL 2505599, at *3 (N.D. Miss. June 14, 2010) (holding that a claim based on violation of federal pipeline regulations is "based on federal law" and removable).

---

[7] Plaintiffs' Petition ¶ 7.2.

9. The federal interest in assuring uniform interpretation of federal pipeline safety regulations also warrants removal in this case. Because Enterprise and similarly situated companies maintain pipelines like the one at issue in this case in numerous communities across the United States, a uniform interpretation of the standard of conduct governing Enterprise under applicable regulations is of paramount importance.

10. Because Plaintiffs' personal injury and wrongful death cause of action against Enterprise derives from, and relies upon, Enterprise's alleged violation of federal pipeline regulations, this Court possesses original federal question jurisdiction, and removal is proper. *See* 28 U.S.C. § 1441(c).

## III. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

### A. This Removal Is Timely.

11. Enterprise was served with the Petition on September 17, 2020.[8] This Notice of Removal is timely under 28 U.S.C. § 1446(b), because it is filed within thirty days thereafter.

### B. Venue Is Proper in This District.

12. The United States District Court for the Southern District of Texas, Corpus Christi Division, includes Nueces County, Texas, the county in which the state court action is now pending. Therefore, this Court is a proper venue for removal of this action pursuant to 28 U.S.C. §§ 124(b)(2) and 1441(a).

### C. All Co-Defendants Consent to this Removal.

13. Orion Marine Group, LLC, Orion Marine Construction, Inc., and Orion Construction, L.P. consent to this removal, as evidenced by the certificate of consent included in this notice.[9]

---

[8] Exhibit B-7 (Enterprise Products Operating LLC); Exhibit B-8 (Enterprise Products Partners L.P.).
[9] Section 1441 provides that, despite the inclusion of a Jones Act claim, this civil action is removable because federal question jurisdiction is present. 28 U.S.C. 1441(c) ("If a civil action includes (A) a claim arising under the

4

14. EPIC Midstream Holdings, LP, EPIC Midstream Holdings GP, LLC, EPIC Crude Holdings, LP, and EPIC Crude Terminal Company, LP (the "EPIC Defendants") consent to this removal only to the extent that they were not dismissed upon the filing of Plaintiffs Nonsuit on October 2, 2020. The EPIC Defendants' consent is made subject to and without waiving their 12(b)(2) and 12(b)(6) defenses.[10]

   **D.  Enterprise Has Properly Filed and Served all Removal Papers.**

15. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action is being served on Plaintiffs' counsel, and a Notice of Filing of Notice of Removal is being filed with the county clerk of the state court where this action currently is pending.

**IV.  PRESERVATION OF OBJECTIONS AND DEFENSES**

16. By filing this Notice of Removal, Enterprise expressly reserves all objections and defenses, including without limitation objections and defenses arising from Plaintiffs' failure to state a claim upon which relief can be granted and any other defenses under Rule 12(b) of the Federal Rules of Civil Procedure.

**V.  DOCUMENTS FROM REMOVED ACTION**

17. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81 of the United State District Court for the Southern District of Texas, Enterprise attaches the following documents hereto:

- All pleadings asserting causes of action and answers (Exhibit A);
- All executed process (Exhibit B);
- All orders signed by the State Judge (Exhibit C);
- Plaintiffs' Nonsuit (Exhibit D)

---

Constitution, laws or treatises of the United States (within the meaning of section 1331 of this title), and (B) a claim . . . that has been made nonremovable by statute, the action may be removed if the action would be removable without the inclusion of [the nonremovable claim].").

[10] The EPIC Defendants' consent subject to their 12(b) defenses is attached as Exhibit E.

- The EPIC Defendants' Limited Consent (Exhibit E)

- The State Court Civil Docket Sheet (Exhibit F);

- An index of matters being filed (Exhibit G); and

- A list of all counsel of record, including addresses, telephone numbers, and parties represented (Exhibit H).

## VI. CONCLUSION

18.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims arise under federal law.  Thus, removal under 28 U.S.C. §§ 1441(a), 1441(c), and 1446 is proper. Enterprise prays that Plaintiffs' state court action remain in the United States District Court for the Southern District of Texas, and that all activity in the state court action be automatically stayed.

[*Signature Page Follows*]

Dated: October 5, 2020

Respectfully Submitted,

HARTLINE BARGER LLP

OF COUNSEL:

VINSON & ELKINS L.L.P.

Patrick W. Mizell
Texas Bar No. 14233980
Federal ID No. 36390
D. Ferguson McNiel
Texas Bar No. 13830300
Federal ID No. 5719
Matthew C. Hoffman
Texas Bar No. 24068697
Federal ID No. 2422946
Brooke A. Noble
Texas Bar No. 24110166
Federal ID No. 3421406
1001 Fannin Street, Suite 2500
Houston, Texas 77002
T. (713) 758-2932
F. (713) 615-5912
pmizell@velaw.com
fmcniel@velaw.com
mhoffman@velaw.com
bnoble@velaw.com

THE CANALES LAW FIRM

Hector Canales
State Bar No. 24006951
2601 Morgan Ave.
Corpus Christi, Texas 787045
T. (361) 883-0601
F. (361) 884-7023
hector@canaleslawoffice.com

 /s/ Darrell L. Barger
Darrell L. Barger
ATTORNEY IN CHARGE
Texas Bar No. 01733800
Federal ID No. 646
Michael G. Terry
Texas Bar No. 19799800
Federal Bar No. 926
800 N. Shoreline Blvd., Suite 2000
Corpus Christi, Texas 78401
T. (361) 866-8001
F. (361) 866-8039
dbarger@hartlinebarger.com
mterry@hartlinebarger.com

**ATTORNEYS FOR DEFENDANTS ENTERPRISE PRODUCTS OPERATING LLC AND ENTERPRISE PRODUCTS PARTNERS L.P.**

## **CERTIFICATE OF CONSENT**

I hereby certify that on October 4, 2020 I contacted Frank Piccolo, counsel for Orion Marine Group, LLC, Orion Marine Construction, Inc., and Orion Construction, L.P., and he consented in writing to this removal on behalf of his clients.

*/s/ Patrick W. Mizell*
Patrick W. Mizell

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 5, 2020, a copy of the above and foregoing has been filed electronically with the Clerk of the Court by using the CM/ECF system. In addition, service also will be accomplished on October 5, 2020, by e-filing a courtesy copy with the state court presiding over this action and through e-mail, using the contact information set forth in Plaintiffs' Petition:

Michael M. Guerra
LAW OFFICES OF MICHAEL M. GUERRA
BBVA Compass Bank Building
3900 N. 10th Street, Suite 850
McAllen, Texas 78501
everyone@mmguerra.com

**Counsel for Plaintiffs**

                                          */s/ Matthew C. Hoffman*
                                            Matthew C. Hoffman