# Exhibit A

# Exhibit A-1

Filed
9/3/2020 9:50 AM
Anne Lorentzen
District Clerk
Nueces County, Texas

Cause No. **2020CCV-61221-2**

| | | |
|---|---|---|
| KARLA CAVAZOS, Individually and as Personal Representative of the Estate of ARTURO AMERICO CAVAZOS and as Next Friend of M.C., Minor; ARTURO CAVAZOS, INDIVIDUALLY and as Heir of the Estate of ARTURO CAVAZOS; BERTHA CAVAZOS, Individually and as Heir of the Estate of ARTURO CAVAZOS, <br><br> PLAINTIFFS, <br><br> v. <br><br> ORION MARINE GROUP, LLC; ORION MARINE CONSTRUCTION, INC.; ORION CONSTRUCTION, L.P.; EPIC MIDSTREAM HOLDINGS, LP; EPIC MIDSTREAM HOLDINGS GP, LLC; EPIC CRUDE HOLDINGS, LP; EPIC CRUDE TERMINAL COMPANY, LP; ENTERPRISE PRODUCTS OPERATING, LLC; and ENTERPRISE PRODUCTS PARTNERS, LP. <br><br> DEFENDANTS. | § § § § § § § § § § § § § § § § § § § § § § § § | IN THE COUNTY COURT AT LAW <br><br><br><br><br> NUMBER _____ <br><br><br><br><br> NUECES COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND REQUESTS FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, KARLA CAVAZOS, Individually and as Personal Representative of the Estate of ARTURO AMERICO CAVAZOS and as Next Friend of M.C., Minor; ARTURO CAVAZOS, INDIVIDUALLY and as Heir of the Estate of ARTURO AMERICO CAVAZOS; and BERTHA CAVAZOS, Individually and as Heir of the Estate of ARTURO AMERICO CAVAZOS, file this their Original Petition and Requests for Disclosures, complaining of Defendants Orion Marine Group, LLC, Orion Marine Construction, Inc., Orion Construction, L.P., Epic Midstream Holdings, LP, Epic Midstream Holdings GP, LLC, Epic

Copy from re:SearchTX

Crude Holdings, LP, Epic Crude Terminal Company, LP, Enterprise Products Operating, LLC, and Enterprise Products Partners, LP., and for cause of action would respectfully show unto the Court as follows:

## I. DISCOVERY TRACK

1.1     Plaintiffs plead that this case should be assigned to Discovery Track Three.

## II. PARTIES

2.1     Plaintiff, Karla Cavazos, is the wife of Arturo A. Cavazos, Deceased and resides in Hidalgo County, Texas. She brings this suit in her individual capacity and as personal representative of the Estate of Arturo Aguilar.

2.2     Plaintiff, M.C., Minor, is the daughter of Arturo A. Cavazos, Deceased and resides in Hidalgo County, Texas. Karla Cavazos brings this suit as next friend of M.C., Minor.

2.3     Plaintiff, Arturo Cavazos, is the biological son of Arturo A. Cavazos, Deceased and resides in Hidalgo County, Texas.  Arturo Cavazos brings this suit in his individual capacity and as heir of the estate of Arturo Cavazos.

2.4     Plaintiff, Bertha Cavazos, is the biological mother of Arturo A. Cavazos, Deceased and resides in Hidalgo County, Texas.  Bertha Cavazos brings this suit in her individual capacity and as heir of the estate of Arturo Cavazos.

2.5     Defendant, Orion Marine Group, LLC. ("OMG") is a domestic limited company, formed in the state of Texas, with headquarters in the State of Texas, doing business, engaging in business and transacting business in the state of Texas, and may be served with process by serving its Texas registered agent for service: Corporation

Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

2.6 Defendant, Orion Marine Construction, Inc. ("OMC") is a Florida corporation, formed in the state of Texas, with headquarters in the State of Texas, doing business, engaging in business and transacting business in the state of Texas, and may be served with process by serving its Texas registered agent for service: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

2.7 Defendant, Orion Construction, L.P.("OCLP") is a domestic limited partnership doing business in the State of Texas. Defendant may be served with process by serving its Texas registered agent for service: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

2.8 Defendant Epic Midstream Holdings, LP ("EMHLP") is a foreign limited partnership, with headquarters in the State of Texas, doing business, engaging in business and transacting business in the state of Texas, and may be served with process by serving its Texas registered agent for service: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

2.9 Defendant Epic Midstream Holdings GP, LLC ("EMHGP") is a foreign limited liability company, with headquarters in the State of Texas, doing business, engaging in business and transacting business in the state of Texas, and may be served with process by serving its Texas registered agent for service: Capitol Corporate Services, Inc., 206 E. 9th St., Ste. 1300, Austin, TX 78701-4411.

2.10 Epic Crude Holdings, LP ("ECHLP") is a foreign limited partnership, with headquarters in the State of Texas, doing business, engaging in business and transacting business in the state of Texas, and may be served with process by serving its Texas

registered agent for service: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

2.11  Epic Crude Terminal Company, LP ("ECTLP") is a foreign limited partnership, with headquarters in the State of Texas, doing business, engaging in business and transacting business in the state of Texas, and may be served with process by serving its Texas registered agent for service: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

2.12  Enterprise Products Operating, LLC ("EPOLLC") is a domestic limited liability company, with headquarters in the State of Texas, doing business, engaging in business and transacting business in the state of Texas, and may be served with process by serving its Texas registered agent for service: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

2.13  Enterprise Products Partners, LP ("EPPLP") is a foreign limited partnership, with headquarters in the State of Texas, doing business, engaging in business and transacting business in the state of Texas, and may be served with process by serving its Texas registered agent for service: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

### III. VENUE

3.1  Venue is proper in Nueces County because all or a substantial part of the events or omissions giving rise to the claims asserted by Plaintiffs against Defendants occurred in Nueces County, Texas.

### IV. ACTS

4.1  Arturo Americo Cavazos was killed on August 21, 2020 in an explosion and

Plaintiffs' Original Petition and Request for Disclosure                                                     Page 4

Copy from re:SearchTX

fire that engulfed the dredge he was working on, the *Waymon L. Boyd* (the "Vessel"). At the time of his death, Mr. Cavazos was a Seaman employed by the owners/operators of the Vessel, OMG, OMC, OCLP (hereinafter referred to collectively as "Orion").

4.2 At the time of his death, Mr. Cavazos was a leverman, and in the course and scope of his employment. Plaintiffs bring this action pursuant to Title 46 U.S.C. § 688. As such, pursuant to Title 28 U.S.C. §1916, Plaintiffs bring this action without the necessity of pre-payment of costs, fees or the necessity of furnishing security. This is a Jones Act wrongful death case, as well as a general admiralty law wrongful death case. Plaintiffs bring a claim for unseaworthiness. The injuries and resulting death occurred in territorial waters of the United States.

4.3 The explosion occurred in the Tule Lake Channel during Orion's dredging work of the Epic Marine Terminal. This was work that Orion was performing for EMHLP, EMHGP, ECHLP, ECTCLP (hereinafter referred to collectively as "Epic"). Upon information and belief, a pipeline operated by EPOLLC and EPPLP (hereinafter referred to collectively as "Enterprise") was struck during this work, resulting in a catastrophic explosion and fire that claimed the life of Arturo Cavazos and others.

## V. ORION

5.1 Defendants Orion's negligence proximately caused the incident in question and Arturo Cavazos's death. As a result of the above mentioned conduct and because of the items mentioned below, Orion by and through its employees, borrowed servants, agents and representatives, committed acts of omission and commission, which collectively and severally, constituted negligence, negligence per se, gross negligence, and recklessness which negligence, negligence per se, gross negligence and

recklessness were a proximate cause of the death of Arturo Cavazos and of the damages suffered by Plaintiffs. Plaintiffs bring these claims pursuant to the Jones Act, as well as principals of maritime negligence and unseaworthiness.

## VI. EPIC

6.1     Defendants Epic's negligence proximately caused the incident in question and Arturo A. Cavazos's death. As a result of the above mentioned conduct and because of the items mentioned below, Epic by and through its employees, borrowed servants, agents and representatives, committed acts of omission and commission, which collectively and severally, constituted negligence, negligence per se, gross negligence, and recklessness which negligence, negligence per se, gross negligence and recklessness were a proximate cause of the death of Arturo A. Cavazos and of the damages suffered by Plaintiffs.

## VII. ENTERPRISE

7.1     Defendants Enterprise's negligence proximately caused the incident in question and Arturo A. Cavazos's death. As a result of the above mentioned conduct and because of the items mentioned below, Enterprise, by and through its employees, borrowed servants, agents and representatives, committed acts of omission and commission, which collectively and severally, constituted negligence, negligence per se, gross negligence, and recklessness which negligence, negligence per se, gross negligence and recklessness were a proximate cause of the death of Arturo A. Cavazos and of the damages suffered by Plaintiffs.

7.2     The work being conducted at the site location was extremely hazardous and fraught with danger; and therefore, constituted an ultrahazardous activity under Texas

law. As a pipeline operator, Enterprise was obligated to follow federal regulations. The duty to follow these regulations is a non-delegable duty. As such, Enterprise is strictly liable for the death of Arturo A. Cavazos and of the damages suffered by Plaintiffs.

### VIII. DAMAGES

8.1     As a result of the foregoing injuries and death, the Plaintiffs suffered a pecuniary loss of financial support and contribution, pecuniary loss of services, pecuniary loss of inheritance, pecuniary loss of nurture, pecuniary loss of care, pecuniary loss of counseling, pecuniary loss of guidance, pecuniary loss of counsel, pecuniary loss of training, and pecuniary loss of education, the decedent's pre-death pain and suffering, funeral expenses. Plaintiffs make claims for all pecuniary losses available under the law for beneficiaries in a wrongful death case.

8.2     Nearly all of the elements of damages for personal injury and wrongful death are unliquidated and, therefore, not subject to precise computation. Plaintiffs seek to recover damages in amounts that the jury finds the evidence supports and that the jury finds to be appropriate under all of the circumstances, which said amount is in excess of $50,000,000.

### IX. WRONGFUL DEATH DAMAGES OF PLAINTIFFS

9.1     Decedent, Arturo A. Cavazos was 50 years old and in good health with a reasonable life expectancy of many years. During his lifetime, the decedent was a good, caring father who gave comfort and companionship to his family. In all reasonable probability, he would have continued to do so for the remainder of his natural life.

9.2     As a result of the death of Arturo A. Cavazos, his wife and children have suffered damages in the past and in the future, including pecuniary damages, mental

anguish, loss of companionship, loss of consortium, and loss of inheritance, for which damages are sought under the Texas Wrongful Death Act and Texas Survival Act in an amount far in excess of the minimal jurisdictional limits of this Court and of the minimum jurisdictional limits of the federal courts.

## X. HEIRS OF THE ESTATE

10.1   Plaintiffs would show the court that they are they are the representatives of the estate and lawful heirs to the estate of Arturo A. Cavazos, As heirs of the estate, they bring this cause of action on behalf of the estate for the conscious pain and suffering and terror and mental anguish suffered by Arturo A. Cavazos before his death.

## XI. EXEMPLARY DAMAGES

11.1   Plaintiffs seek exemplary damages from each company whose conduct is found to have been committed with malice.

## XII. PRE-JUDGMENT AND POST-JUDGMENT INTEREST

12.1   Plaintiffs seek pre-judgment and post-judgment interest as allowed by law.

## XIII. REQUEST FOR DISCLOSURE

13.1   Pursuant to Rule 194, each Defendant is hereby requested to disclose within 50 days of service of this request, all information and material described in Rule 194.2, Texas Rules of Civil Procedure.

## XIV. JURY DEMAND

14.1   Plaintiffs request a trial by jury for all issues of fact. A jury fee has been paid timely and properly.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be

cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiffs recover judgment of and from the Defendants for their actual and exemplary damages, jointly and severally, in such amount as the evidence may show and the jury may determine to be proper, together with the prejudgment interest, post-judgment interest, costs of suit, and such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

**LAW OFFICES OF MICHAEL M. GUERRA**

By: _____
MICHAEL M. GUERRA
State Bar No.  00787603
BBVA Compass Bank Building
3900 N. 10th Street, Suite 850
McAllen, TX 78501
Telephone: (956) 682-5999
Facsimile: (888) 317-8802
E-Filing Email:  everyone@mmguerra.com

ATTORNEYS FOR PLAINTIFFS

# Exhibit A-2

Filed
10/2/2020 8:47 AM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2020CCV-61221-3

| | | |
|---|---|---|
| **KARLA CAVAZOS, Individually and as Personal Representative of the Estate of ARTURO AMERICO CAVAZOS and as Next Friend of M.C., Minor; ARTURO CAVAZOS, Individually and as Heir of the Estate of ARTURO CAVAZOS; BERTHA CAVAZOS, Individually and as Heir of the Estate of ARTURO CAVAZOS,** § § § § § § § § § § | § § § § § § § § § § § § § § § § § § | **IN THE COUNTY COURT AT LAW** |
| **Plaintiffs,** § | | |
| v. § | | **NUMBER 3** |
| **ORION MARINE GROUP, LLC; ORION MARINE CONSTRUCTION, INC.; ORION CONSTRUCTION, L.P.; EPIC MIDSTREAM HOLDINGS, LP; EPIC MIDSTREAM HOLDINGS GP, LLC; EPIC CRUDE HOLDINGS, LP; EPIC CRUDE TERMINAL COMPANY, LP; ENTERPRISE PRODUCTS OPERATING LLC; and ENTERPRISE PRODUCTS PARTNERS L.P.,** | | |
| **Defendants.** § | | **NUECES COUNTY, TEXAS** |

**ORIGINAL ANSWER OF DEFENDANTS ENTERPRISE PRODUCTS OPERATING LLC AND ENTERPRISE PRODUCTS PARTNERS L.P.**

Defendants Enterprise Products Operating LLC and Enterprise Products Partners L.P. (collectively, the "Enterprise Defendants") file this Original Answer to Plaintiffs' Original Petition, and would respectfully show the Court as follows:

**I.
GENERAL DENIAL**

1.  Pursuant to Rule 92 of the Texas Rules of Civil Procedure, the Enterprise Defendants hereby enter a general denial in this lawsuit. Each of the Enterprise Defendants denies each and every allegation made against it by Plaintiffs and demands strict proof of all allegations as required by law.

Copy from re:SearchTX

## II.
## AFFIRMATIVE DEFENSES

2. Without assuming any burdens other than those imposed by applicable law, the Enterprise Defendants set forth the following affirmative defenses in combination or in the alternative, subject to and without waiver of its general denial:

   a. Plaintiffs' recovery against the Enterprise Defendants, if any, is barred by a superseding cause.

   b. The Enterprise Defendants hereby seek a determination of their proportional share of responsibility, and Plaintiffs' recovery against the Enterprise Defendants, if any, is limited to the Enterprise Defendants' proportional share under Chapter 33 of the Texas Civil Practices and Remedies Code.

   c. Plaintiffs' recovery against the Enterprise Defendants is barred if it is found that an act or omission of a person not a party to the suit was the sole proximate cause of Plaintiffs' injuries.

   d. Enterprise Products Partners L.P. is not a proper party to this lawsuit and lacks the legal capacity to be sued as a Defendant in this lawsuit. Enterprise Products Partners L.P. does not own, operate, or control the pipeline at issue in this lawsuit and it does not employ any individuals.

   e. The Enterprise Defendants deny that there is any legally sufficient evidence to support an award of exemplary damages. In the unlikely event that exemplary damages are awarded, the Enterprise Defendants assert that any recovery by Plaintiffs of exemplary damages must be limited by the requirements of Chapter 41 of the Texas Civil Practice & Remedies Code, specifically Section 41.008. In the unlikely event that a verdict is rendered which would otherwise result in a judgment in excess of the exemplary damages permitted by Section 41.008, this Court should reduce the judgment such that the limitations provided by Section 41.008 are not exceeded.

   f. The Enterprise Defendants plead the defense of unconstitutionality, in that any award of exemplary damages in this matter would violate both the U.S. and the Texas Constitutions.

## III.
## REQUEST FOR DISCLOSURE

3. Enterprise Products Operating LLC hereby requests that Plaintiffs disclose, within thirty days of service, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

## IV.
## CONCLUSION

4.	The Enterprise Defendants respectfully request that Plaintiffs take nothing against them by Plaintiffs' Original Petition, that judgment on Plaintiffs' claims be entered in favor of the Enterprise Defendants and against Plaintiffs, and that the Enterprise Defendants be awarded any such other and further relief, in law or equity, to which they may show themselves justly entitled.

[*Signature Page Follows*]

Copy from re:SearchTX

| | |
|---|---|
| Dated: October 2, 2020 | Respectfully submitted,<br><br>HARTLINE BARGER LLP<br><br>*/s/ Darrell L. Barger*<br>Darrel L. Barger<br>Texas Bar No. 01733800<br>Michel G. Terry<br>Texas Bar No. 19799800<br>800 N. Shoreline Blvd., Suite 2000<br>Corpus Christi, Texas 78401<br>T. (361) 866-8001<br>F. (361) 866-8039<br>dbarger@hartlinebarger.com<br>mterry@hartlinebarger.com<br><br>CANALES LAW FIRM, PLLC<br><br>*/s/ Hector Canales*<br>Hector Canales<br>Texas Bar No. 24006951<br>2601 Morgan Ave.<br>Corpus Christi, Texas 787405<br>T. (361) 883-0601<br>F. (361) 884-7023<br>hector@canaleslawoffice.com<br><br>VINSON & ELKINS LLP<br><br>*/s/ Patrick W. Mizell*<br>Patrick W. Mizell<br>Texas Bar No. 14233980<br>D. Ferguson McNiel<br>Texas Bar No. 13830300<br>Matthew Hoffman<br>Texas Bar No. 24068697<br>Brooke A. Noble<br>Texas Bar No. 24110166<br>1001 Fannin St., Suite 2500<br>Houston, Texas 77002-6760<br>T. (713) 758-2932<br>F. (713) 615-5912<br>pmizell@velaw.com<br>fmcniel@velaw.com<br>mhoffman@velaw.com<br>bnoble@velaw.com<br><br>**ATTORNEYS FOR THE ENTERPRISE DEFENDANTS** |

## CERTIFICATE OF SERVICE

      I hereby certify that on October 2, 2020, a true and correct copy of the foregoing instrument has been served on all counsel of record via electronic filing:

Michael M. Guerra
LAW OFFICES OF MICHAEL M. GUERRA
BBVA Compass Bank Building
3900 N. 10th Street, Suite 850
McAllen, Texas 78501
everyone@mmguerra.com

**Attorney for Plaintiffs**

                                               */s/ Matthew C. Hoffman*
                                               Matthew C. Hoffman

Copy from re:SearchTX

CAUSE NO. 2020CCV-61221-3

| | | |
|---|---|---|
| **KARLA CAVAZOS, Individually and as Personal Representative of the Estate of ARTURO AMERICO CAVAZOS and as Next Friend of M.C., Minor; ARTURO CAVAZOS, Individually and as Heir of the Estate of ARTURO CAVAZOS; BERTHA CAVAZOS, Individually and as Heir of the Estate of ARTURO CAVAZOS,** | § § § § § § § § § | **IN THE COUNTY COURT AT LAW** |
| **Plaintiffs,** | § § | |
| v. | § § | **NUMBER 3** |
| **ORION MARINE GROUP, LLC; ORION MARINE CONSTRUCTION, INC.; ORION CONSTRUCTION, L.P.; EPIC MIDSTREAM HOLDINGS, LP; EPIC MIDSTREAM HOLDINGS GP, LLC; EPIC CRUDE HOLDINGS, LP; EPIC CRUDE TERMINAL COMPANY, LP; ENTERPRISE PRODUCTS OPERATING LLC; and ENTERPRISE PRODUCTS PARTNERS L.P.,** | § § § § § § § § § § § § | |
| **Defendants.** | § | **NUECES COUNTY, TEXAS** |

## **VERIFICATION**

My name is Patrick W. Mizell. I am an attorney with the law firm Vinson & Elkins, LLP in Houston, Texas. I am over twenty-one years of age, of sound mind, and in all ways competent to make this declaration. I have personal knowledge of the matters contained herein.

I submit this declaration in connection with the Original Answer of Defendants Enterprise Products Operating LLC and Enterprise Products Partners L.P. (the "Original Answer"). I am authorized to act for and on behalf of Enterprise Products Partners L.P. In acting in that capacity, I have read the Original Answer, and every factual statement contained in paragraph II.2.d of the Original Answer is within my personal knowledge and true and correct.

My name is Patrick W. Mizell, my date of birth is November 30, 1963, and my business address is 1001 Fannin Street, Suite 2500, Houston, Texas 77002, United States. I declare under a penalty of perjury that the foregoing is true and correct.

Executed in Harris County, State of Texas, on the 2nd day of October, 2020.

_____
Patrick W. Mizell

Copy from re:SearchTX